# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-129V
**Filed: July 10, 2014**

| | |
|---|---|
| * * * * * * * * * * * * * *<br>SANDRA VASQUEZ,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                Respondent.<br>* * * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | UNPUBLISHED<br><br>Special Master Dorsey<br><br>Joint Stipulation on Damages;<br>Human Papillomavirus (HPV)<br>Vaccine; Chronic Autoimmune<br>Hepatitis. |

Mark Theodore Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
Ryan Daniel Pyles, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On February 20, 2013, Sandra Vasquez[2] ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[3] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleges that she suffered autoimmune hepatitis which was either caused in fact by the human papillomavirus (HPV) vaccine, or in the alternative, significantly aggravated by the HPV vaccine administered to her on August 17, 2010. See Petition at 1.

On July 10, 2014, the parties filed a stipulation, stating that a decision should be entered

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] Ms. Vasquez was married and requested that the caption of the case be changed from Kuserk to Vasquez to reflect her change in name. See ECF Document No. 25.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

awarding compensation.

Respondent denies that the HPV immunization is the cause of petitioner's alleged autoimmune hepatitis and/or any other injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $75,000.00, in the form of a check payable to petitioner.**  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.